**CITY CAB COMPANY v KUCKERT**

Ohio Appeals, 2nd Dist, Franklin Co

No 2318. Decided July 31, 1933

Vorys, Sater, Seymour & Pease, Columbus, for plaintiff in error.

Knepper, White, Smith & Dempsey, Columbus, for defendant in error.

## OPINION

BY THE COURT

We consider the objection to special finding of fact No. 8.

The driver of the taxicab and plaintiff testified respecting the subject matter of this finding. Plaintiff says that the taxi driver at and prior to the collision was looking to his right. The taxi driver said on direct examination, page 209 of the record,

"Q. I will ask you whether or not you changed the direction of your automobile between the time you entered the intersection and the time of the collision? A. I did not."

And the same page:

"Q. Where were you looking as you drove across the intersection? A. I was looking straight ahead."

The court made determination of the fact that the taxi driver was looking straight ahead, upon the question and answer just quoted and draws conclusion therefrom that had the taxi driver looked to his left he would have seen the Jenkins car approaching, but further question and answer of Crossley is pertinent as explanatory of the extent of the vision of the taxi driver when he looked straight ahead:

Re Direct Examination, p. 225:

"Q. Now, where was the Essex the last time you saw it before the collision took place? A. He had passed me going north as I was going south."

The testimony of the taxi driver in its entirety, if true requires the finding that although he was looking straight ahead as he crossed the intersection he did see the Essex car until it had passed him and reached a place where he was no longer required to follow its movements. If the testimony of the plaintiff be accepted, the taxi driver was not looking straight ahead, but to his right and could not have seen the movements of the Jenkins car at all. But the court finds, No. 7, that the taxi driver did see the Essex car when it came into the intersection. If this finding is correct and the Essex proceeded from Park Street on the second car track from the east and into Goodale Street, and the taxicab driver saw the Essex as it came into Goodale, he could have seen it at all times when it might come into the line of his movement. The court's finding places the taxicab within the southwest quarter of the intersection of Goodale Street and Park Street when the collision occurred, and the taxicab in the center of Goodale with its front wheels south of the south car tracks when the Jenkins car entered the intersection. According to the findings of fact, we are of opinion that it is manifestly against the weight of the evidence to hold that the taxicab driver was negligent in failing to look to his left. Had Crossley observed the Jenkins car coming around the turn he had reason to expect that Jenkins either would stop his car or change his direction so that his car would not come into collision with the taxicab, as the taxicab clearly had the right of way in that portion of the street through which it was being driven. There is no finding of negligence against the taxi driver in entering the southwest corner of the intersection, but his negligence was found to consist in failing to anticipate that the Essex would strike him and to avoid it by changing his direction and increasing his speed.

Objection is made to special finding of fact No. 9 in conjunction with special finding No. 6. No. 9 finds that the automobile of Jenkins traveled approximately fifteen feet **north** in Goodale Street and fifteen or sixteen feet to the west. Strictly interpreted this finding tends to support the statement of the taxi driver. But considering this finding with No. 6 they become compatible, and it is clear that the court did not purpose to find that Jenkins was driving due north, but that he was traveling into Goodale Street astride the second street car rail from the east side of Park Street, and that at the time of the collision

he had reached a point some fifteen feet north of the south curb of Goodale Street extended.

As we view this case, it is not necessary to discuss at further length the various propositions respecting the claimed errors in the findings of fact and law because of the conclusion to which we come upon the specifications of negligence upon which the court based its judgment. The ultimate question presented is whether or not the judgment can be supported upon the finding that the taxicab driver was negligent in failing to look to his left as he proceeded through the intersection of Goodale and Park Streets, and in failing to observe the approach of the Jenkins automobile into his path, when by so using this faculties and by accelerating his speed or swerving the course of his taxicab to the right, he could have avoided the collision. One of the specifications of negligence in the petition against the defendant company heretofore set forth was that the defendant negligently increased the speed of his taxicab in attempting to run around and in front of the auto of Jenkins, then and there in the intersection. The court determines as a matter of fact that had the taxi driver done that which the plaintiff asserted was negligent, the accident could have been avoided, and that a failure to do that which the plaintiff has characterized as negligence was negligence. The plaintiff cannot support a judgment which is based upon a finding of negligence which is not averred and much less upon a characterization of due care of that which she has alleged as negligence. This finding was founded not alone on the failure of the driver of the taxicab company to look to his left and to see the approach of the Jenkins car, but also in his failure to accelerate the speed of the taxicab and to swerve it to his right. We are convinced that this finding of negligence and proximate cause cannot be based upon the failure of the driver to accelerate the taxicab and swerve it to the right because contrary to the fact as charged in the petition and upon which plaintiff must rely if it is connected in any causal manner with the collision.

We have considered all the other questions of error presented and find none which we determine are prejudicial to the defendant. For the reason assigned the judgment will be reversed and cause remanded.

HORNBECK, PJ, KUNKLE and BARNES, JJ, concur.